IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MILADY JIMÉNEZ,

Plaintiff

v.                                                            CIVIL 09-1596 (JA)

AMGEN MANUFACTURING LTD., et al.,

Defendants

OPINION AND ORDER

This matter is before the court on motion for reconsideration of an order granting attorney's fees filed by plaintiff, Milady Jiménez, on February 22, 2010. (Docket No. 41.)  On March 8, 2010, the defendant, Amgen Manufacturing Ltd., filed a motion in opposition. (Docket No. 44.)  For the reasons set forth below, plaintiff's motion is DENIED.

I.  BACKGROUND

On November 24, 2009, the defendant filed a motion to compel plaintiff to respond to its request for production of documents. (Docket Nos. 28 & 29.)  On December 14, 2009, the court granted the defendant's motion. (Docket No. 30.)  The documents requested by the defendant were produced by plaintiff on December 31, 2009. (Docket No. 44, at 2.)  On January 19, 2010, the defendant

CIVIL 09-1596 (JA)                            2

filed a motion for attorney's fees. (Docket Nos. 38 & 39.) The defendant's motion was granted by the court on February 10, 2010. (Docket No. 40.)

On February 22, 2010, plaintiff filed a motion requesting the court to reconsider the order granting attorney's fees. (Docket No. 41.) Plaintiff argues that her attorney's case load gave him little time to adequately address the defendant's request for production of documents. (Id. at 1, ¶ 2.) She claims that if the defendant "had . . . not filed a motion to compel or had such a motion not been granted [her attorney] would have still answered the discovery request as was done." (Id. at 2, ¶ 5.) Plaintiff argues that despite her attorney's delay in responding to the discovery request the defendant did not suffer any prejudice. (Id.) Plaintiff also contends that the amount awarded in attorney's fees was excessive and unwarranted. (Id. at 2-3, ¶ 6.)

On March 8, 2010, the defendant responded to plaintiff's motion. (Docket No. 44.) The defendant argues that plaintiff's motion was "improperly filed, untimely, and does not provide any basis upon which this [c]ourt should overturn its previous [o]rder." (Id. at 1.) The defendant states that plaintiff counsel's excuse for not being able to timely attend this case "does not justify [his] conduct and does not create ground for reconsideration" under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. (Id.) Finally, the defendant claims that plaintiff's argument that the court's award of attorney's fees was excessive is

CIVIL 09-1596 (JA)                               3

unavailing because she does not cite any authority to support the argument. (Id. at 6.)

## II.  STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend the judgment if a motion to do so is filed no later than ten days after the original judgment is entered. Jahagirdar v. United States, 653 F. Supp. 2d 125, 127-28 (D. Mass. 2009).  In seeking reconsideration under Rule 59(e) "the moving party [must] present newly discovered evidence, [show that] there has been an intervening change in the law, or . . . that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53  (1st Cir. 2009) (citing Marie v. Allied Home Mortagage Corp., 402 F.2d 1, 7 n.2 (1st Cir. 2005)).  In addition, reconsideration may be appropriate "if the court 'has patently misunderstood a party . . . o r has made an error not of reasoning but apprehension.'" Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (citations omitted).

On the other hand, if a motion for reconsideration is not filed within ten days the court will treat it as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Rule 60(b) allows the court to relieve a party from a final judgment, order, or proceeding under any of the following reasons:

CIVIL 09-1596 (JA)                              4

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence . . . ;
>   (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>   (4) "the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

It is important to point out that motions under Rule 59(e) and Rule 60(b) are not to be used by a losing party who failed to raise available arguments or who simply disagrees with a court's decision. <u>Villanueva-Méndez v. Nieves-Vázquez</u>, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (quoting <u>Nat'l Metal Finishing Co. v. Barcalys Am./Commercial, Inc.</u>, 899 F.2d 119, 123  (1st Cir. 1990)).

### III.  ANALYSIS

Since plaintiff did not file her motion for reconsideration within ten days, the court will treat it as a motion under Rule 60(b).  Consequently, "[t]he court [is] left to divine the bases [of] plaintiff's motion under this rule." <u>Corretjer-Farinacci v. Picayo</u>, 149 F.R.D. 435, 437-38  (D.P.R. 1993).  Plaintiff argues that because of her attorney's case load she should be relieved of the court's order awarding attorney's fees to the defendant.  It is clear that plaintiff's argument does not fall within the scope of subsections 2 through 6 of Rule 60(b).  Only subsection 1 of Rule 60(b) seems to encompass plaintiff's argument.

CIVIL 09-1596 (JA)                              5

It has been held that a party who seeks relief from a judgment or order on the basis of excusable neglect pursuant to Rule 60(b)(1) "must offer a convincing explanation as to why the neglect was excusable." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002) (citing Graphic Comm'ns Int'l Union v. Quebecor Printing Prov., Inc., 270 F.3d 1, 5 (1st Cir. 2001); Hosp. del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001) (per curiam)).  In this case, plaintiff has failed to offer such an explanation.  As the defendant points out, courts have held that an attorney's case load does not constitute excusable neglect.  de la Torre v. Cont'l Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994); Vega-Matta v. Álvarez de Choudens, 440 F. Supp. 246, 249 (D.P.R. 1977) (holding that a heavy load of cases does not constitute excusable neglect), cited in Andrews v. Time, Inc., 690 F. Supp. 362, 365 (E.D. Pa. 1988); Piñero-Schroeder v. Fed. Nat'l Mortgage Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978); United States of America for the Use & Benefit of Elec. Mach. Enter. of P.R., Inv. v. Fraya, S.E., 170 F.R.D. 346, 349 (D.P.R. 1997) ("The ability to manage multiple cases simultaneously . . . is key to exercising the profession of attorney.") Therefore, plaintiff's motion must be denied since she has presented no grounds upon which the court should reverse its initial decision.

As to plaintiff's claim that the attorney's fees awarded were excessive, the court finds that they were not.  If the court grants a party's motion to compel

CIVIL 09-1596 (JA)                              6

discovery under Rule 37(a)(1), the court must award the moving party reasonable costs associated with filing the motion, including attorney's fees, unless it can be shown that (1) the moving party filed the motion before attempting in good faith to obtain the discovery without court intervention, (2) the opposing party's failure to disclose was substantially justified, or (3) other circumstances make an award of expenses unjust.  Cabana v. Forcier, 200 F.R.D. 9, 17 (D. Mass. 2001); see Fed. R. Civ. P. 37(a)(5).  Other than claiming that the attorney's fees awarded were excessive, plaintiff has cited no authority or offered any reason to support her contention.

   First, plaintiff by her own admission stated that the defendant correctly recounted in its motion to compel the communications that took place with her attorney before the court's intervention was sought to solve the discovery dispute. (Docket No. 41, at 1, ¶ 2.)  Second, the defendant's motions to compel and request for attorney's fees were unopposed by plaintiff.  By failing to oppose, plaintiff lost the opportunity to explain to the court that her reason for not responding to the defendant's discovery request was substantially justified and that the fees requested were unreasonable.  As a result, the court granted both of the defendant's motions.  Despite of this, plaintiff had an opportunity to show in her motion for reconsideration that the attorney's fees awarded to the defendant were excessive, however she failed to do so.  Plaintiff merely relied on

CIVIL 09-1596 (JA)                              7

a conclusory statement.  Thus, since there is no reason to believe that the attorney's fees awarded were either unjustified or unreasonable, the court's order will stand.

### III.  CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration is hereby DENIED.

At San Juan, Puerto Rico, this 18th day of March,  2010.

                                S/ JUSTO ARENAS
                    Chief United States Magistrate Judge